IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA SABATINO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 09 C 1551 |
| v. | ) |
| | ) |
| THE BOEING CORP., et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND

This personal injury action was originally filed in the Circuit Court of Cook County, Illinois and was removed to this court by defendants. Plaintiffs have now requested that this court remand the proceedings to state court. Defendants oppose plaintiffs' motion for remand and request that the court consider their separately filed *forum non conveniens* motion before determining the remand issue. For the reasons set forth below, the court declines defendants' request and remands this case to the Circuit Court of Cook County.

**Background**

This litigation arose when the bleed air system of an XL Airlines' airplane traveling from London, England to Orlando, Florida allegedly released air contaminated with oil into the passenger cabin, causing the plaintiffs to sustain aerotoxic poisoning. The lawsuit was originally filed in Illinois state court by twenty plaintiffs, all citizens of the United Kingdom, against The Boeing Corp. (Boeing), AAR Parts Trading, Inc. (AAR Parts), AAR/SSB II, LLC (AAR/SSB), United Technologies Corp., Hamilton Sunstrand Corp., Honeywell International, and XL Airlines (XL). Boeing is incorporated in Delaware and headquartered in Illinois. As such Boeing is a citizen of Illinois. Both AAR Parts and AAR/SSB are also corporate citizens of Illinois. United Technologies Corp. and Hamilton Sunstrand Corp. are incorporated in

Delaware, but headquartered in Connecticut, and as such are citizens of Connecticut**.** Honeywell International is incorporated in Delaware. XL is a corporate citizen of the United Kingdom.

XL removed the case to this court under federal question jurisdiction because the claims against it were governed by the Montreal Convention, a United Nations treaty between the United States, among other countries, and the United Kingdom. *Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal*, May 28, 1999, ICAO Doc. No. 974. The Montreal Convention is an accord limiting airlines' liability for international air carriage travel. *Id*. The claims against the remaining defendants were removed to this court, according to defendants' notice of removal, under this court's supplemental jurisdiction.

Two days after removal, plaintiffs voluntarily dismissed their claims against XL without prejudice. Plaintiffs then timely filed for remand on the ground that there were no longer any federal claims present in the case and therefore this court should decline to exercise supplemental jurisdiction over plaintiffs' state-law claims. In response, defendants asserted that, although federal question jurisdiction no longer existed, complete diversity was established by plaintiffs' dismissal of the non-diverse defendant, XL. Defendants also requested that the court rule on their *forum non conveniens* motion before reaching plaintiffs' request for remand.

**I.      Defendants'** ***Forum Non Conveniens*** **Motion**

As an initial matter, defendants, relying on *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007), ask this court to rule on their *forum non conveniens* motion before determining whether the court has jurisdiction over plaintiffs' claims. In their motion, defendants say that addressing a *forum non conveniens* motion before establishing jurisdiction is appropriate when subject matter jurisdiction cannot be readily decided. Further, defendants assert that considerations of fairness, convenience, and judicial economy warrant deciding the *forum non conveniens* issue first.

In *Sinochem*, the district court established subject matter jurisdiction but refused to allow limited discovery to determine personal jurisdiction before it dismissed the case on the basis of *forum non conveniens*. The court reasoned that the dispute involved "a foreign ship in foreign waters pursuant to the order of a foreign court," and so the court was not required to assess its personal jurisdiction before dismissing the case after it determined an appropriate forum for the suit existed in China. *Id*. at 428. On review, the United States Court of Appeals for the Third Circuit held that a district court may not dismiss a complaint on *forum non conveniens* grounds until after it established subject matter and personal jurisdiction. The Supreme Court reversed, concluding that a court may consider any non-merits question in the order of the court's choosing. *Id.* at 431. Specifically, the Court held that if a case can plainly be dismissed based on *forum non conveniens* prior to establishing jurisdiction, the court may do so. *Id.* at 436. In reaching its ruling, the Court reasoned that a district court was within its discretion to determine the sequence of non-merits questions of law in order to avoid unnecessary discovery or analysis of complex jurisdictional questions. *Id.*

Here, this court declines defendants' request to address their *forum non conveniens* motion before ruling on plaintiffs' motion to remand. No discovery has been necessary to fully air the jurisdictional issue raised by plaintiffs' motion, and the jurisdictional issue is not complex. Moreover, judicial efficiency is best served by this court first determining whether it has subject matter jurisdiction over this litigation.

## II.     Plaintiffs' Motion To Remand

Plaintiffs argue that, because there is no longer any federal question jurisdiction as a result of their dismissal of defendant XL Airlines, this court no longer possesses subject matter jurisdiction. Plaintiffs request that this court decline supplemental jurisdiction and remand their state-law claims to state court.

3

Any claims brought in state court can be removed to federal court if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over any civil action brought under "the Constitution, treaties or Laws of the United States," also known as federal question jurisdiction. 28 U.S.C § 1331. State-law claims may also be removed as part of a court's supplemental jurisdiction if they form part of the same case or controversy as the federal-question claim. 28 U.S.C. § 1367. Jurisdiction is determined based on the allegations of the complaint as they existed when the notice of removal was filed. *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997).

At the time of removal, defendant XL was a party to the suit and its presence triggered federal question jurisdiction under the Montreal Convention. In addition, there existed a common nucleus of operative fact as to the claims against the other defendants, which allowed the court to exercise supplemental jurisdiction over the state-law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Indeed, plaintiffs' complaint utilized the same set of facts against XL as the other defendants, incorporated XL into claims against the other defendants, and repeated their allegations against all defendants nearly verbatim. (Compl. Counts I-VI.) Consequently, the court properly had subject matter jurisdiction over the claims asserted by plaintiffs in their complaint at the time of removal.

Two days after defendants filed their notice of removal plaintiffs voluntarily dismissed their claims against XL, the sole defendant whose liability would have been governed by federal law, leaving only state-law claims against the remaining defendants. Plaintiffs then requested remand on the ground that no federal question remained in the litigation.

In response, defendants argue that, even though federal question jurisdiction no longer exists in this lawsuit, the court is bound by "mandatory diversity jurisdiction" over plaintiffs' state-law claims because the sole non-diverse defendant, XL, has been dismissed. Plaintiffs

contend, however, that given the forum defendant rule found in 28 U.S.C. § 1441(b), the presence of a defendant in their home forum–that is, a defendant who is an Illinois citizen–precludes this court's consideration of diversity jurisdiction as a basis to sustain removal in this case. This court agrees with plaintiffs.

Federal courts possesses diversity jurisdiction over any civil action "between citizens of different states" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a) (1-2). But the forum defendant rule prohibits removal of an action from state court based on diversity jurisdiction if there is a defendant present in their home forum. 28 U.S.C. § 1441(b). The forum defendant "rule is designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 379 (7th Cir. 2000).

In this case, removal from state court under this court's diversity jurisdiction was not available to defendants at the time they filed their notice of removal for two reasons. First, diversity did not exist because, as defendants noted, XL was a non-diverse defendant. Second, defendants Boeing, AAR Parts, and AAR/SSB are citizens of Illinois, and so their presence precluded removal based on diversity jurisdiction. Thus defendants properly removed the litigation from state court on the only basis available to them: federal question jurisdiction, with the state-law claims being brought along under this court's supplemental jurisdiction.

After plaintiffs dismissed XL from the litigation, however, diversity was created between plaintiffs and defendants and would have been a basis for this court's original jurisdiction but for the defect in removal created by the presence of the Illinois defendants. Defendants argue that plaintiffs waived their right to assert the forum defendant rule because plaintiffs did not raise the issue until over two months after defendants filed their notice of removal, *see Hurley*, 222 F.3d

at 379 (explaining that forum defendant rule constitutes procedural defect in removal and therefore may be waived if not raised within thirty days of notice of removal), but it would have been pointless for plaintiffs to identify that defect at the time defendants filed their notice of removal because diversity of citizenship did not exist at that time. Plaintiffs' motion to remand was filed within thirty days of defendants' notice of removal and addressed the bases for removal identified by defendants. Plaintiffs subsequently raised the forum defendant rule within the briefing schedule set by this court on plaintiffs' motion to remand and, specifically, in reply to arguments presented by defendants for the first time in opposition to plaintiffs' motion. *See Saf-T-Gard Intern., Inc. v. Wagener Equities, Inc.*, 251 F.R.D. 312, 313 n.2 (N.D. Ill. 2008) (allowing arguments raised in plaintiff's reply brief because generally responsive to arguments raised in defendant's opposition brief). Because removal would have been precluded by the forum defendant rule if defendants had identified diversity jurisdiction as a basis for removal in their notice of removal, the court, while considering plaintiffs' timely filed motion to remand, will not ignore the forum defendant rule. *See Woolf v. Mary Kay, Inc.*, 176 F. Supp. 2d 654, 657 (N.D. Tex. 2001) (remanding supplemental state-law claims after resolution of federal question claim, over defendants' objection, because the forum defendant rule defeated diversity).

The only claims that remain in this case were brought before this court under supplemental jurisdiction. It is well established that where there is no longer any basis for federal jurisdiction, the district court should decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *see Gibbs*, 383 U.S. at 726; *Wright v. Associated Ins. Co., Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994). A court is also permitted to remand, rather than dismiss, a removed litigation to state court. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Whether a district court retains supplemental jurisdiction is an issue left to the court's discretion. *Gibbs*, 383 U.S. at 726. Factors that go into making the decision include "judicial economy,

6

convenience, and fairness to litigants." *Id.* Further, "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *Id.*

In this case, judicial economy and fairness to the litigants is best served by remanding this litigation to plaintiffs' forum of choice. The litigation is still in the pleadings stage, so substantial judicial resources have not been expended, and the merits of the case have not yet been reached by this court. This court therefore chooses to exercise its discretion to remand to this litigation to the Circuit Court of Cook County, Illinois.

## Conclusion

For the foregoing reasons, the court grants Plaintiffs' Motion to Remand [37]. Defendants' *Forum Non Conveniens* Motion [31] is administratively terminated as moot. This case is remanded to the Circuit Court of Cook County, Illinois.

ENTERED:

*James F. Holderman*

James F. Holderman
Chief Judge

Dated: June 5, 2009